Gunawan v. Holder

BIA
Hom, IJ
A089 254 179
A089 254 180

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand twelve.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> *Circuit Judges*.

_____

RE INA GUNAWAN, IRSAN SUTANTO,
> *Petitioners*,

> v.

> 11-1799-ag
> NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONERS:       H. Raymond Fasano, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Alison M. Igoe, Senior Litigation Counsel; John M. McAdams, Jr., Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the Petitioners' petition for review is DENIED.

Re Ina Gunawan and Irsan Sutanto, natives and citizens of Indonesia, seek review of an April 8, 2011, decision of the BIA affirming the February 2, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Re Ina Gunawan and Irsan Sutanto*, No. A089 254 179/180 (B.I.A. Apr. 8, 2011), *aff'g* No. A089 254 179/180 (Immig. Ct. N.Y. City Feb. 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions for the sake of completeness. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2008).

Petitioners have not argued in their brief that the agency erred in finding their asylum application untimely, or in denying their application for CAT relief. Further,

petitioners failed to raise their argument that they belong to a disfavored group before the agency, and we decline to consider the unexhausted claim. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

We find that substantial evidence supports the agency's finding that petitioners did not establish past persecution. The incidents complained of – including robberies and thefts, a groping incident at a shopping mall, Gunawan fleeing from rioters who were near her mother's store, and petitioners having been near a church when it was bombed – did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (holding that harm must be sufficiently severe, rising above mere harassment, to constitute persecution).

We further find that the BIA properly determined that petitioners did not establish a pattern or practice of persecution of Chinese Christians, and thus did not establish that it was more likely than not that they would be persecuted if returned to Indonesia. *See* 8 C.F.R. § 208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency reviewed the evidence, including United States State Department Country Reports, and

3

determined that instances of violence against Chinese Christians in Indonesia have decreased, the Indonesian government recognizes Christianity, and Chinese Christians play a significant role in the economy. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Petitioners' argument that *Santoso* is distinguishable, and that this case is analogous to *Mufied v. Mukasey*, 508 F.3d 88 (2d Cir. 2007), is without merit. The agency reviewed the evidence and correctly applied the "pattern or practice" standard to their claim. *See Santoso*, 580 F.3d at 112; *cf. Mufied*, 508 F.3d at 92-93 (remanding to the BIA where the agency failed to address petitioner's pattern or practice claim).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4